[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#125)
This action concerns the breach of a written contract for the construction and sale of a house. On April 10, 1989, plaintiffs John Miller and Tina Miller and the defendants Rose and Alan Bourgoin entered into a written contract whereby the defendants agreed to construct a home for the plaintiffs. The plaintiffs paid a $16,000.00 deposit to the defendants with the balance to be due upon completion of the house. The plaintiffs lender was to furnish the balance at the time of closing. The contract provided for the closing to be held on September 12, 1989. Despite the efforts of the defendants, the house was not completed nor a certificate of occupancy issued until January 4, 1990. During the interim period there had been at least six extensions of the closing date due to the fact that the house was not completed. The plaintiffs brought this action to recover The $16,000.00 deposit paid to the defendants. The defendants allege that the plaintiffs breached the contract and have filed a counterclaim seeking money damages. Numerous special defenses have been raised by each party.
On November 13, 1990, the plaintiffs filed a motion for summary judgment, affidavits, supporting documentation, and a memorandum of law in support of the motion for summary judgment. On December 14, 1990, the defendants filed a memorandum of law, affidavits and various exhibits in opposition to the motion for summary judgment.
Summary judgment shall be rendered if the pleadings, affidavits, CT Page 1081 and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Conn. Practice Bk. 384; Wilson v. New Haven, 213 Conn. 277, 279
(1989). "A genuine issue has variously been described as a triable, substantial or real issue of fact and has been defined as one which can be maintained by substantial evidence." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378 (1969). The moving party must show the absence of any material disputed issue. Fogarty v. Rashaw, 193 Conn. 442,445 (1984).
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . .It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573-578-79 (1990). "Mere assertions of fact. . .are insufficient to establish the existence of a material fact and therefore cannot refute evidence properly presented to the court under Practice Book 380." Id. at 579.
In support of its motion for summary judgment, the plaintiffs filed four affidavits, the deposition of the defendant, Alan Bourgoin, and the defendant's answer to interrogatories submitted to him by the plaintiffs. These documents allege that despite repeated attempts by the plaintiffs to receive a firm closing date, the house was not completed and a certificate of occupancy issued until January 4, 1990. In addition, the plaintiffs have filed the affidavit of an attorney, Brian McCormick, who was retained by the plaintiffs to represent them in the purchase of the house. This affidavit states in relevant part: On November 27, 1989, I drafted and sent to Alan and Rose Bourgoin a letter notifying them that time was of the essence in regard to the completion of the residence. In that letter dated November 27, 1989, I notified (the defendants) that if the closing did not occur by December 12, 1989, (the plaintiffs) intended to terminate the contract. . . .and demand return of their deposit of $16,000.00."
The defendants, in opposition to the motion or summary judgment, state that there are genuine issues of material fact that do not entitle the plaintiffs to summary judgment. The defendants have filed three affidavits and the depositions of the plaintiff John Miller and the defendant Alan Bourgoin. These documents fail to establish the existence of a genuine issue of material fact. The defendants claim that they applied their best efforts to complete the house and that the house was substantially completed by December 28, 1989. Both parties have alleged that they agreed to have the plaintiffs mortgage lender inspect the premises on December 29, 1990. The plaintiffs allege that when the lender arrived at the premises, the house was still in an unfinished state. The defendants argue that the inspector arrived before the contractors arrived to finish the necessary work.
The defendants have failed to state facts sufficient to support CT Page 1082 a finding that a genuine issue of material fact exists and that the plaintiffs are not entitled to summary judgment as a matter of law. Accordingly, the plaintiffs' motion for summary judgment is granted.
PICKETT, J.